**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JASMINE TROTTER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>FOX ROTHSCHILD LLP,<br><br>Defendant. | Case No. 2:26-cv-03931<br><br>CLASS ACTION<br><br>JURY TRIAL DEMANDED |
| LADANA SMITH, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>FOX ROTHSCHILD LLP,<br><br>Defendant. | Case No. 2:26-cv-04059<br><br>CLASS ACTION<br><br>JURY TRIAL DEMANDED |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO CONSOLIDATE CASES, APPOINT INTERIM CO-LEAD CLASS COUNSEL, AND SET SCHEDULE**

# TABLE OF CONTENTS


I. INTRODUCTION ..... 1

II. RELEVANT BACKGROUND ..... 1

III. ARGUMENT ..... 2

A. The Related Actions Should Be Consolidated ..... 2

B. The Court Should Appoint Interim Co-Lead Class Counsel ..... 3

1. Appointing a Two-Lawyer Lead Counsel Structure Is Appropriate Given the Complexity of Litigation and Claims ..... 3

2. Legal Standard for Lead Counsel Appointment ..... 4

a. Proposed Interim Co-Lead Class Counsel Have Performed Substantial Work in Identifying and Investigating the Claims in This Action ..... 5

b. Proposed Interim Co-Lead Class Counsel Have Substantial Knowledge About and Are Experienced in Leading and Successfully Resolving Data Privacy Class Actions ..... 6

c. Proposed Interim Co-Lead Class Counsel Are Committed to Representing and Advancing the Interests of the Class ..... 13

d. Additional Factors Supporting Appointment Under Rule 23(g)(1)(B) ..... 14

IV. CONCLUSION ..... 14

# TABLE OF AUTHORITIES

## CASES

*Anaya, et al. v. Cencora, Inc., et al.*,
No. 2:24-cv-02961 (E.D. Pa.) .......... 14

*Arons v. Continuum Health Alliance, LLC*,
No. 1:24-cv-07013 (D. N.J.) .......... 11

*Aughtman v. Yes To Inc. et al.*,
No. 2:20-cv-01233-VAP-JPR (C.D. Cal.) .......... 9

*Beture v. Samsung Elecs. Am., Inc.,*
No. 17-5757 (SRC), 2018 U.S. Dist. LEXIS 50413 (D.N.J. Mar. 27, 2018) .......... 5

*Bianucci v. Rite Aid Corp.*,
No. 2:24-cv-03356-HB (E.D. Pa.) .......... 14

*Cartee-Haring v. Cent. Bucks Sch. Dist.*,
No. 20-cv-1995, 2021 WL 5506419 (E.D. Pa. Nov. 24, 2021) .......... 2

*Checchia v. Bank of America, N.A.*,
No. 2:21-cv-3585 (E.D. Pa) .......... 9

*City of Providence, Rhode Island v. AbbVie Inc.*,
No. 20-cv-5538, 2020 WL 6049139 (S.D.N.Y. Oct. 13, 2020) .......... 18

*Collins v. Rutter's Inc.*,
No. 1:20-cv-00382, 2020 U.S. Dist. LEXIS 5221 (M.D. Pa. Mar. 26, 2020) .......... 3

*Crowe v. Managed Care of N. Am., Inc.*,
No. 23-cv-61065 (S.D. Fla.) .......... 9

*Daroya Isaiah v. Loan Depot, Inc.*,
No. 8:24-cv-00136 (C.D. Cal.) .......... 11

*Demarco v. Avalonbay Cmtys., Inc.*,
No. 15-628 (JLL), 2015 U.S. Dist. LEXIS 194344 (D.N.J. Mar. 17, 2015) .......... 5

*Duffy, et al. v. Mazda Motor of America, Inc.*,
No. 3:24-cv-388-BB (W.D. Ky.) .......... 16

*Ellerman Lines, Ltd. v. Atlantic & Gulf Stevedores, Inc.*,
339 F. 2d 673 (3d Cir. 1964) .......... 2

*Feathers v. On Q Financial, LLC*,
No. 2:24-cv-00811 (D. Ariz.) .......... 11

*Flynn et al. v. Eastern Radiologists, Inc.*,
No. 24-cvs-772 (N.C. Super. Ct.) .......... 11

*Forstrom et al. v. Consulting Radiologists, Ltd.*,
No. 0:24-cv-02604 (D. Minn.) ........ 11

*Fulton-Green v. Accolade, Inc.*,
No. 18-cv-274, 2019 WL 4677954 (E.D. Pa. Sept. 24, 2019) ........ 7

*Gales v. Ohio Lottery Commission*,
Case, No. 2024-00434JD (Ohio Ct. of Claims.) ........ 11

*Gordon v. Chipotle Mexican Grill, Inc.*,
No. 17-cv-1415, 2019 WL 697270 (D. Colo. Dec. 16, 2019) ........ 7

*Gravley, Sr. v. Fresenius Vascular Care, Inc. d/b/a Azura Vascular Care*,
No. 2:24-cv-01148-MMB (E.D. Pa.) ........ 12, 15

*Gutierrez v. Independent Living Systems, LLC*,
No. 23-cv 21221 (S.D. Fl.) ........ 10

*Halvorson v. MNGI Digestive Health, P.A.*,
No. 0:24-cv-02851 (D. Minn.) ........ 11

*Harrell v. WebTPA Emp'r Servs., LLC*,
No. 3:24-cv-1160 (N.D. Tex.) ........ 9

*Hughes v. UGI Storage Co.*,
263 A.3d 1144 (Pa. 2021) ........ 13

*Humphries, et al. v. Apria Healthcare, LLC*,
No. 23-cv-01147 (S.D. Ind.) ........ 10

*In re Berry, Dunn, McNeil & Parker Data Security Incident Litigation*,
No. 2:24-cv-00146 (D. Me.) ........ 11

*In re Checking Acct. Overdraft Litig.*,
No. 1:09-MD-02036-JLK 2013 WL 11319244 (S.D. Fla. Aug. 2, 2013) ........ 8

*In re CorrectCare Data Breach Litig.*,
No. 5:22-319-DCR (E.D. Ky.) ........ 12

*In re Disposable Contact Lens Antitrust Litigation*,
No. 3:15-md-2626-HES-JRK (M.D. Fla.) ........ 8

*In re: Erie COVID-19 Business Interruption Protection Ins. Litig.*,
Case No. 1:21-mc-00001-MRH (W.D. Pa.) ........ 9

*In re: Fortra File Transfer Software Data Sec. Breach Litig.*,
No. 24-md-3090 (S.D. Fla.) ........ 9

*In re: Geisinger Health Data Security Incident Litig.*,
No. 4:24-cv-01071-MWB (M.D. Pa.) ........ 12, 15

*In Re Greylock McKinnon Associates Data Security Incident Litigation*,
No. 1:24-cv-10797 (D. Me.) ........ 11

*In re: Harvard Pilgrim Data Security Incident Litigation*,
No. 23-cv-11211 (D. Mass.) ........ 10

*In re HCA Healthcare Data Security Litigation*,
No. 3:23-cv-00684 (M.D. Tenn.) ........ 9

*In re HealthEquity, Inc. Data Sec. Incident Litig.*,
No. 2:24-cv-528 (D. Utah) ........ 9

*In re Juul Labs*,
No. 19-md-2913 (N.D. Cal.) ........ 8

*In re Keystone Data Breach Litig.*,
No. 1:22-cv-01643-CCC (M.D. Pa.) ........ 15

*In re: MacBook Keyboard Litig.*,
No. 18-cv-2813 (N.D. Cal.) ........ 13

*In re: National Prescription Opiate Litigation*,
No. 1:17-md-2804 (N.D. Ohio) ........ 8

*In re MyFord Touch Consumer Litig*.,
No. 13-cv-03072 (EMC) (N.D. Cal.) ........ 13

*In re NCB Management Services, Inc. Data Breach Litig.*,
No. 2:23-cv-1236-KNS (E.D. Pa.) ........ 3, 12

*In re Nexus 6P Product Liability Litig.*,
No. 5:17-cv-02185 (BLF) (N.D. Cal.) ........ 13

*In re Onix Group, LLC Data Breach Litig.*,
No. 2:23-cv-02288 (E.D. Pa. Jul. 19, 2023) ........ 3

*In re Philadelphia Inquirer Data Sec. Litigation*,
No. CV 24-2106-KSM, 2025 WL 845118 (E.D. Pa.) ........ 12

*In re Shop-Vac Mktg. & Sales Practices Litig*.,
MDL No. 2380, 2013 U.S. Dist. LEXIS 7023, at *6 (M.D. Pa. Jan. 17, 2013) ........ 5

*In re Terazosin Hydrochloride Antitrust Litig.*,
220 F.R.D. 672, 702 (S.D. Fla. 2004) ........ 7

*In re Wawa, Inc. Data Security Litig*.,
No. 2:19-cv-06019-GEKP (E.D. Pa.) ........ 12

*Katz et al. v. Einstein Healthcare Network*,
No. 02045 (Phila C.P.) ........ 9

*Krause v. City of Hope*,
No. 2:24-cv-02894 (C.D. Cal.) ........ 11

*Maria Gregory, et al. v. Johns Hopkins University et al*.,
No. 23-cv-01854 (D. Md.) ........ 10

*Meyers v. Onix Grp., LLC*,
No. CV 23-2288-KSM, 2023 WL 4630674 (E.D. Pa. July 19, 2023) ........ 12

*Nelson et al. v. Connexin Software, Inc*.,
No. 27-cv-04676 (E.D. Pa.) ........ 10

*Nelson v. Connexin Software Inc. d/b/a Office Practicum*,
No. 2:22-cv-04676-JDW (E.D. Pa.) ........ 3, 12, 15

*Opris et al v. Sincera Reproductive Medicine*,
No. 2:21-cv-03072 (E.D. Pa.) ........ 9

*Outten v. Wilmington Tr. Corp.*,
281 F.R.D. 193, 200 (D. Del. 2012) ........ 7

*Reichbart v. Financial Business and Consumer Solutions, Inc.*,
No. 2:24-cv-01876-NIQA (E.D. Pa.) ........ 15

*Renaldo Ellis et al. v. Pension Benefit Information, LLC et al.*,
No. 0:23-cv-02139 (D. Minn.) ........ 10

*Rose v. Travelers et al.*,
No., 19-977 (E.D. Pa.) ........ 9

*Skurauskis v. NationsBenefits, LLC*,
No. 2:23-cv-60830 (SD. Fla.) ........ 9

*Smeltz, et al. v. Logan Health, et al.*,
No. A-DV-22-0124 (8th Judicial Dist. Ct., Cascade Cnty. Mont. Mar. 31, 2022) ........ 15

*Starling v. Evolve Bank & Trust*,
No. 4:24-cv-00549 (E.D. Ark.) ........ 10

*Steinhardt et al. v. Volkswagen Group of America, Inc. et al.*,
No. 23-cv-02291-RK-RLS (D.N.J.) ........ 16

*Stephen Giercyk v. National Union Fire Insurance Company of Pittsburgh, et al.*,
No. 2:13-cv-06272 (D.N.J.) ........ 9

*Stewart v. Ann & Robert H. Lurie Children's Hospital*,
No. 2024CH06201 (Ill. Super. Ct., Cook County) ........ 11

*Thompson et al. v. 1-800 Contacts, Inc. et al*.,
No. 2:16-cv-01183 (D. Utah) ........ 9

*Tolmasoff v. General Motors, LLC*,
No. 16-11747, 2016 U.S. Dist. LEXIS 85101 (E.D. Mich. June 30, 2016) ............................ 5

*Udeen v. Subaru of Am., Inc.*,
No. 18-cv-17334 (RBK) (JS)........................................................................................ 13, 16

*Verderame v. Futurity First Insurance Group, LLC*.,
No. 3:24-cv-01262,(D. Conn.)................................................................................................ 10

*Vines, et al. v. Financial Business & Consumer Solutions, Inc.,*
No. 2:24-cv-02085 (E.D. Pa.)................................................................................................ 10

*Volio v. Sugarhouse HSP Gaming, L.P. d/b/a Rivers Casino Philadelphia, et al.*,
No. 2:25-cv-00039-JDW (E.D. Pa.) ........................................................................................ 15

*Weeks v. Google LLC*,
No. 5:18-cv-00801 (NC), 2019 U.S. Dist. LEXIS 215943 (N.D. Cal. Dec. 13, 2019)..... 13

*Wilson et al. v. Frontier Communications Parent, Inc*.,
No. 3:24-cv-01497 (N.D. Tex.) ............................................................................................ 11

**RULES & REGULATIONS**

Fed. R. Civ. P. Rule 23(g)(1)(A)(i)........................................................................................ 7

Fed. R. Civ. P. Rule 23(g)(1)(A)(iii) ...................................................................................... 7

Fed. R. Civ. P. Rule 23(g)(1)(A)(iv)...................................................................................... 17

Fed. R. Civ. P. Rule 23(g)(1)(B)............................................................................................ 17

Fed. R. Civ. P. Rule 23(g)(3) ................................................................................................... 5

Fed. R. Civ. P. 23(g)(1)............................................................................................................ 6

Fed. R. Civ. P. Rule 23(g)(1)(A) ......................................................................................... 5, 6

Fed. R. Civ. P. 23(g)(4)....................................................................................................... 6, 7

Fed. R. Civ. P. 42(a) ................................................................................................................ 2

## I. INTRODUCTION

Each of the above-captioned cases relates to a data incident (the "Data Incident" or "Incident") that recently occurred at Defendant, Fox Rothschild LLP ("Defendant"). As set forth below, Plaintiffs in these cases now seek entry of an order consolidating these related matters pursuant to Fed. R. Civ. P. 42(a). Additionally, they seek the appointment, pursuant to Fed. R. Civ. P. 23(g), of Mariya Weekes of Milberg, PLLC and Kenneth J. Grunfeld of Kopelowitz Ostrow P.A., as interim co-lead counsel for Plaintiffs and the putative class. Resumes for Proposed Interim Co-Lead Counsel are attached as **Exhibits A-B**.

The proposed order submitted herewith grants this requested relief and sets forth a schedule to move these cases forward on a single track. Specifically, it will relieve Defendant from having to respond to the initial complaints in these cases and will require the filing of a single consolidated complaint within thirty (30) days of the Court's order appointing lead counsel.

Plaintiffs' counsel have conferred with Defendant's counsel, who does not oppose consolidation and takes no position on leadership.

## II. RELEVANT BACKGROUND

Defendant is a law firm that operates thirty offices throughout the country, providing a wide range of legal services.

On or about May 28, 2026, personally identifiable information ("PII" or "Private Information") contained in Defendant's network was accessed unauthorized third-party (the "Data Incident"). Upon information and belief, the following types of Private Information were exposed as a result of the Data Incident: names and Social Security Numbers.

Plaintiffs and putative class members are individuals whose sensitive personal information was compromised in the Data Incident. They allege, among other things, that Defendant was

negligent in storing the sensitive personal information that they entrusted to it. The cases pending in this Court are listed below:

1. *Trotter v. Fox Rothschild LLP*, No. 2:26-cv-03931 (E.D. Pa.), filed on June 9, 2026, and
2. *Smith v. Fox Rothschild LLP*, No. 2:26-cv-04059 (E.D. Pa), filed on June 12, 2026.

## III. ARGUMENT

### A. The Related Actions Should Be Consolidated

Rule 42(a) of the Federal Rules of Civil Procedure provides:

> If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay.

Fed. R. Civ. P. 42(a). "Rule 42(a) . . . confers upon a district court broad power, whether at the request of a party or upon its own initiate, to consolidate causes for trial as may facilitate the administration of justice." *Cartee-Haring v. Cent. Bucks Sch. Dist.*, No. 20-cv-1995, 2021 WL 5506419, at *1 (E.D. Pa. Nov. 24, 2021) (quoting *Ellerman Lines, Ltd. v. Atlantic & Gulf Stevedores, Inc.*, 339 F. 2d 673, 675-76 (3d Cir. 1964)). To this end, courts have recognized that consolidation is appropriate in data incident cases where two or more cases arise from the same occurrence. *See, e.g.*, *In re Onix Group, LLC Data Breach Litig.*, No. 2:23-cv-02288, Doc. No. 14 (E.D. Pa. Jul. 19, 2023) (consolidating six actions, and as well as any future actions, arising out of a data breach and appointing interim co-lead counsel); *In re NCB Management Services, Inc. Data Breach Litig.*, No. 2:23-cv-01236, Doc. No. 13 (E.D. Pa. Jun. 05, 2023) (consolidating six actions, and as well as any future actions, arising out of a data breach and appointing interim co-lead counsel); *Collins v. Rutter's Inc.*, No. 1:20-cv-00382, 2020 U.S. Dist. LEXIS 52214, at *6 (M.D. Pa. Mar. 26, 2020) (consolidating two actions, as well as any future actions, arising out of a data breach and appointing interim co-lead counsel).

As noted above, the complaints in the above-captioned cases relate to common factual allegations and legal theories. They assert multiple common causes of action against the same Defendant related to the same factual underpinnings, and seek the same relief in response to the same event, i.e., the Data Incident. They each seek certification of similar or overlapping classes and allege that Plaintiffs and class members suffered harm because their sensitive personal information was exposed to third parties without their authorization. Consolidation of these related actions is warranted because it will simplify discovery, pretrial motions, class certification issues, and other case management issues, especially given that the cases are at their procedural inception, and it will avoid delay, duplicative litigation efforts, and the risk of inconsistent rulings, without prejudicing any party. The related actions present the quintessential consolidation scenario, and the Court should consolidate them to ensure judicial economy and preserve party resources. *See, e.g., Nelson v. Connexin Software Inc.*, No. 2:22-CV-04676, 2023 WL 2721657, at *1 (E.D. Pa. Mar. 30, 2023) (consolidating multiple similar data breach class actions filed in this Court).

### B. The Court Should Appoint Interim Co-Lead Class Counsel

#### 1. Appointing a Two-Lawyer Lead Counsel Structure Is Appropriate Given the Complexity of Litigation and Claims

Proposed Interim Co-Lead Counsel believe that a two-lawyer leadership structure is the most efficient way to successfully litigate this action and pursue the best recovery for Plaintiffs and the class. Given the complexity of the claims, the number of claims alleged, and the fact that there are groups of cases pending in this Court, this structure will maximize recovery while ensuring efficient prosecution of the claims. Moreover, the proposed leadership structure ensures that Plaintiffs will have the necessary resources to litigate the consolidated action. Plaintiffs will have the essential lawyers and capital needed to oppose Defendant.

During all phases of the litigation, interim class counsel will, among other things: (i) organize and supervise the efforts of Plaintiffs' counsel in a manner to ensure that the necessary pretrial preparation is conducted effectively, efficiently, expeditiously, and economically; (ii) delegate work responsibilities and monitor the activities of any additional plaintiffs' counsel to ensure that schedules are met and unnecessary expenditures of time and expense are avoided; (iii) speak for Plaintiffs at all conferences and hearings; (iv) initiate and conduct discussions and negotiations with counsel for Defendant on all matters, including settlement; (v) determine (after consultation with other co-counsel as may be appropriate) and present in briefs or oral argument to the Court and opposing parties the position of the Plaintiffs on all matters arising during the proceedings; (vi) enter into stipulations with opposing counsel as necessary for the conduct of the litigation; (vii) select, consult with, and employ experts, as necessary, for Plaintiffs; (viii) initiate and conduct discovery on Plaintiffs' behalf, and coordinate its efficiency; and (ix) perform such other duties in connection with prosecuting the claims in this action.

**2. Legal Standard for Lead Counsel Appointment**

"Rule 23(g)(3) of the Federal Rules of Civil Procedure provides that the Court 'may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action.'" *In re Shop-Vac Mktg. & Sales Practices Litig*., MDL No. 2380, 2013 U.S. Dist. LEXIS 7023, at *6 (M.D. Pa. Jan. 17, 2013) (quoting Fed. R. Civ. P. 23(g)). Early appointments are especially beneficial in complex cases because they help to "clarif[y] responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement." MCL § 21.11; *see, e.g.*, *Tolmasoff v. General Motors, LLC*, No. 16-11747, 2016 U.S. Dist. LEXIS 85101, at *27 (E.D. Mich. June 30, 2016) (appointing interim class counsel where competing cases "may follow"). Early appointments are particularly

important where, as here, other cases may be filed by other counsel in this and other courts. *See, e.g.*, *Beture v. Samsung Elecs. Am., Inc.*, No. 17-5757 (SRC), 2018 U.S. Dist. LEXIS 50413, at *3 (D.N.J. Mar. 27, 2018) ("This Court is persuaded that it is in the interest of the putative class of Plaintiffs to prevent a competition between counsel, and to encourage the coordination and cooperation of counsel by granting this motion."); *Demarco v. Avalonbay Cmtys., Inc.*, No. 15-628 (JLL), 2015 U.S. Dist. LEXIS 194344, at *7 (D.N.J. Mar. 17, 2015) (early appointment "will promote clarity, efficiency, and greater coordination").

"The same factors governing the appointment of class counsel [at the class certification stage] apply when appointing interim class counsel." *In re Shop-Vac Mktg. & Sales Practices Litig.*, 2013 U.S. Dist. LEXIS 7023, at *6. As a result, courts appointing interim class counsel under Rule 23(g)(1)(A) consider:

(i) the work counsel has done in identifying or investigating potential claims in the action;

(ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;

(iii) counsel's knowledge of the applicable law; and

(iv) the resources that counsel will commit to representing the class.

*Id.* (citing Fed. R. Civ. P. 23(g)(1)).

As discussed below, each of the relevant Rule 23(g) factors demonstrates that Ms. Weekes Mr. Grunfeld, and their respective law firms are best able to "fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(4).

**a. Proposed Interim Co-Lead Class Counsel Have Performed Substantial Work in Identifying and Investigating the Claims in This Action**

Proposed Interim Co-Lead Class Counsel have committed appropriate, yet substantial, time and resources to organizing and working toward the advancement of this litigation, investigating

and researching the potential legal theories and claims at issue, and researching and reviewing information relating to the factual underpinnings of the Data Incident and this litigation. Counsel are familiar with the facts and legal issues in this matter based upon their detailed investigation and as a result of communicating with affected persons potentially impacted by the Data Incident, and retained clients. *Id*.

These firms continue to perform substantial work that has been (and will be) valuable to the class as the case moves forward. This includes, but is not limited to, the following: (a) reviewing consumer communications concerning the Data Incident; (b) engaging in ongoing communications with putative class members; (c) investigating the scope of the Data Incident's consequences, and Defendant's public response regarding the same; (d) researching potential claims arising from the Data Incident and defenses thereto; (e) preparing and filing two separate, detailed complaints; and (f) using their research to begin preparing a detailed, consolidated complaint. *Id.*

Proposed Interim Co-Lead Class Counsel have conducted all the work necessary to prosecute this litigation thus far, and they stand ready, willing, and able to continue devoting the substantial effort and resources (including the advancement of costs) necessary for advancing Plaintiffs' and class members' claims. The Rule 23(g)(1)(A)(i) factor is satisfied.

**b. Proposed Interim Co-Lead Class Counsel Have Substantial Knowledge About and Are Experienced in Leading and Successfully Resolving Data Privacy Class Actions**

The Rule 23(g)(1)(A)(iii)-(iv) factors are also satisfied. Data privacy cases present unique and novel issues of fact and law that are always evolving. *See, e.g., Gordon v. Chipotle Mexican Grill, Inc.*, No. 17-cv-1415, 2019 WL 6972701, at *1 (D. Colo. Dec. 16, 2019) ("Data breach cases . . . are particularly risky, expensive, and complex."); *Fulton-Green v. Accolade, Inc.*, No. 18-cv-274, 2019 WL 4677954, at *8 (E.D. Pa. Sept. 24, 2019) ("This is a complex case in a risky field

of litigation because data breach class actions are uncertain and class certification is rare."). Because data breach cases require an understanding of the technical issues of data hacking, data privacy measures, and industry standards, appointing interim co-lead class counsel who are experienced in such complex class action litigation, including data breach litigation and related issues, is in the best interest of the Class. *See Outten v. Wilmington Tr. Corp.,* 281 F.R.D. 193, 200 (D. Del. 2012) ("Experience and knowledge of the law is of the utmost importance when determining lead counsel."). Proposed Co-Lead Counsel have extensive experience leading and litigating data privacy matters against large corporate defendants.

As demonstrated below, Ms. Weekes and Mr. Grunfeld are highly qualified to lead this litigation and should be appointed as interim co-lead class counsel pursuant to Fed. R. Civ. P. 23(g). *See In re Terazosin Hydrochloride Antitrust Litig.*, 220 F.R.D. 672, 702 (S.D. Fla. 2004) (stating that the "most persuasive" factors in choosing lead counsel may be proposed counsel's "experience in, and knowledge of, the applicable law in this field").

The qualifications and experience of each member of the proposed leadership team are further summarized below and detailed in the accompanying firm resumes.

**<u>Mariya Weekes of Milberg, PLLC</u>**

Mariya Weekes is a partner at the international plaintiffs' class action firm Milberg, PLLC ("Milberg"). Since Milberg's founding in 1965, it has repeatedly taken the lead in landmark cases that have set groundbreaking legal precedents, prompted changes in corporate governance, and recovered over $50 billion in verdicts and settlements.[1]Milberg has been instrumental in obtaining

[1] *See, e.g., In re Tyco International Ltd., Securities Litigation*, MDL 1335 (D.N.H.) (serving as lead counsel and obtaining approval of $3.2 billion settlement); *In re Prudential Insurance Co. Sales Practice Litigation*, No. 95-4704 (D.N.J.) (serving as lead counsel and recovering more than $4 billion for policyholders); *see also* https://milberg.com/outstanding-recoveries/.

precedent setting decisions at every level, including at the United States Supreme Court.[2] The firm pioneered federal class action litigation and is widely recognized as a leader in defending the rights of victims of corporate and other large-scale wrongdoing. Milberg is recognized as having one of the most respected data privacy practice groups in the United States, having been ranked by Chambers and Partners as Band 3 for Privacy & Data Security Litigation (2024). Law360 recently highlighted Milberg's work in the privacy space. Milberg has more than 100 attorneys on staff and has offices across the United States and the European Union.

Ms. Weekes is a former Florida State Circuit Court Judge, elected to the bench by her constituents. As a Florida Circuit Court Judge, she presided over thousands of complex cases, hundreds of trials, and motions. In her capacity as a Circuit Court Judge, she served on the Circuit's appellate panels reviewing appeals from the lower trial Courts and administrative agencies. Before ascending to the bench, she practiced as a trial lawyer representing individuals and corporations in complex cases throughout the State of Florida. As a practicing attorney, she has personally tried dozens of jury trials to verdict and has participated in many significant cases. Both as a civil trial lawyer and former prosecutor, she has handled complex cases from their inception through appeal.

After stepping down from the bench, Ms. Weekes joined Milberg's Cybersecurity and Data Privacy Group, which has extensive experience serving as leadership in numerous privacy class actions, including as lead or co-lead counsel in the largest data breaches in the country. *See, e.g.*, *In Re: Hot Topic Data Breach Litigation*, No. 2:24-cv-9215-MEMF-AS (C.D. Cal.) (Ms. Weekes appointed co-lead counsel in a consolidated action involving more than 57 million customers);*In re Meta Android Privacy Litigation.*, No. 3:25-cv-04674-RFL (N.D. Ca.) (Ms. Weekes appointed as Co-Lead Counsel in a consolidated action involving millions of Google's android users); *In Re:*

[2] *See* https://milberg.com/precedent-setting-decisions/page/3/.

*LoanCare Data Security Breach Litig.*, No. 3:23-cv-1508-MMH-MCR (M.D. Fla.) (where Ms. Weekes was appointed co-lead counsel in a consolidated action involving more than 1.3 million consumers); *In re SitusAMC Holdings Corporation Data Breach Litigation*, No. 1:25-cv-9748 (S.D. NY) (Ms. Weekes appointed as Co-Lead counsel in a consolidated action involving over 5 million customers); *In Re: Berry, Dunn, McNeil & Parker Data Security Incident Litigation*., No. 2:24-cv-00146 (D. Maine) (Ms. Weekes was appointed to the executive committee in a consolidated action involving 1.1 million consumers); *Reichbart v. Financial Business and Consumer Solutions, Inc*., No. 24-cv-1876 (E.D. Penn.) (Ms. Weekes was appointed chair of the Plaintiffs' Executive Committee in a consolidated action involving more than 1.9 million consumers); *Morrison et al. v. Family Dollar Stores, LLC, et al*., 0:24-cv-60294-AHS (S.D.Fl.) (Ms. Weekes was appointed as co-lead counsel in a consolidated consumer protection class action involving adulterated mediations impacting thousands of consumers across 19 States); *Javid et al. v. Finsatra Technology, Inc.*, No. 6:25-cv-1284-PGB-DCI (M.D. Fla.) (Ms. Weekes appointed Co-Lead Counsel in a consolidated action involving over 800,000 customers); *In Re ConnectonCall.com Data Breach Litigation*, Case No. 2:24-cv-08790-SJB-JMW (E.D NY) (Ms. Weekes appointed Interim Co-Lead Counsel); *Zayatz v. Akumin Operating Corp*., Case No. 0:24-cv-62439-RS (S.D. Fl) (Ms. Weekes appointed Interim Co-Lead Counsel); *Owings v. Medusind, Inc*., 1:25-cv-20117-RAR (S.D. Fl) (Ms. Weekes appointed interim co-lead counsel); *W. v. LivaNova USA, Inc.,* Case No. 4:24-cv-02250 (S.D. Tex.) (Ms. Weekes was appointed Interim Co-Lead Counsel); *In re Coastal Orthopedics & Sports Medicine of Southwest Florida Data Breach Litig.,* Case No. 2024-CA-1078AX (12th Judic. Circ. Ct. of Fla., Manatee Cnty) (Ms. Weekes was appointed Interim Class Counsel); *Lomedico v. MarineMax, Inc.*, Case No. 8:24-cv-1784-MSS-AEP (M.D. Fla.) (appointed joint Interim Class Counsel); *In re TRC Staffing Services, Inc. Data*

*Breach Litig.*, Case No. 1:24-cv-02398-VMC (N.D. Ga.) (Ms. Weekes was appointed co-lead counsel); *Lepore et al v. Affiliated Dermatologists & Dermatologic Surgeons, P.A.*, Case No. MRS-L-001091-24 (Ms. Weekes was appointed Interim Class Counsel); *Owens et al v. MGM Resorts International, et al.,* Case No. 2:23-cv-01480-RFB-MDC (D. Nev.) (Ms. Weekes was appointed to Plaintiffs' Steering Committee); *Mckinley v, Doxim, Inc*. Case No. 2:24-cv-11550-TGB-CI (E.D. Mich.) (Ms. Weekes was appointed co-lead counsel); *Cucuta v. FloridaCentral Credit Union,* Case No. 24-CA-006065 (Hillsborough County, Fl.) (Ms. Weekes was appointed co-lead counsel).; *In re: MoveIt Customer Data Security Breach Litigation*, 1:23-md-03083 (D. Mass.) (where Milberg was appointed to the leadership committee in multi-district litigation involving a data breach that impacted more than 95 million consumers).[3]Milberg's Cybersecurity and Data Privacy Group is largely responsible for developing the favorable case law that many plaintiffs rely on in the data breach space. *See e.g., Webb v. Injured Workers Pharmacy, LLC*, 72 F.4th 365 (1st Cir. 2023) (Milberg attorneys obtained a decision from the First Circuit reversing the dismissal with prejudice of a data breach case and finding Article III standing); *In re Arthur J. Gallagher Data Breach Litig*., 631 F. Supp. 3d 573, 586 (N.D. Ill. 2022) (Milberg attorneys largely defeated a motion to dismiss in a data breach case involving 3 million consumers); *In re Blackbaud, Inc., Customer Data Breach Litig*., No. 3:20-MN-02972-JMC, 2021 WL 2718439, at *1 (D.S.C. July 1, 2021) (Milberg attorneys defeated a standing challenge in a 10 million person data breach case). Mariya Weekes' experience and knowledge are further demonstrated in the Milberg, PLLC firm resume, attached hereto as **Exhibit A**.

[3] *See, also Morrill v. Lakeview Loan Servicing, LLC*, Case No. 1:22-cv-20955-DPG (S.D. Fla.) (where Milberg is appointed to the leadership committee in a data breach class action involving 6 million consumers); *Sherwood v. Horizon Actuarial Services, LLC*, Case No. 1:22-cv-01495-ELR (N.D. Ga.) (where Milberg is court-appointed co-lead counsel in a data breach class action involving 4 million consumers).

**Kenneth J. Grunfeld of Kopelowitz Ostrow P.A.** [4]

Mr. Grunfeld's practice focuses on representing consumers in class actions against pharmaceutical manufacturers, banks, credits card issuers, and other national corporate defendants. Recently, he has filed and litigated a number of class cases involving data breaches, cybersecurity incidents and privacy matters. He also represents injured people in products liability mass tort matters. His cases have resulted in the recovery of hundreds of millions of dollars for injured individuals. Mr. Grunfeld brings with him a wealth of pre-trial, trial, and appellate work experience in both state and federal courts.

Mr. Grunfeld and Kopelowitz Ostrow (KO) have significant experience in consumer class-action litigation and have held leadership positions in a number of high-profile cases, including in *In re Checking Acct. Overdraft Litig.*, No. 1:09-MD-02036-JLK (S.D. Fla.), a large MDL that resulted in the recovery of $1.2 billion from the nation's largest banks. In that matter, U.S. District Judge James Lawrence King commented that "Class Counsel's efforts in pursing and settling these consumer claims were, quite simply, outstanding." *In re Checking Account Overdraft Litig.*, 1:09-md-02036-JLK, 2013 WL 11319244, *16 (S.D. Fla. Aug. 2, 2013); *see also In re Disposable Contact Lens Antitrust Litigation*, No. 3:15-md-2626-HES-JRK (M.D. Fla.) (antitrust class action with $85 million recovered to date); *In re: National Prescription Opiate Litigation*, No. 1:17-md-2804 (N.D. Ohio); *In re Juul Labs*, No. 19-md-2913 (N.D. Cal.) (representing School Boards to recover over $100 million); *In re: Erie COVID-19 Business Interruption Protection Ins. Litig.*, Case No. 1:21-mc-00001-MRH (W.D. Pa.) (co-lead counsel); *Checchia v. Bank of America, N.A.*, No. 2:21-cv-3585 (E.D. Pa); *Stephen Giercyk v. National Union Fire Insurance Company of Pittsburgh, et al.*, No. 2:13-cv-06272 (D.N.J.); *Rose v. Travelers et al.*, No. 19-977 (E.D. Pa.);

[4] Mr. Grunfeld's firm resume is attached hereto as **Exhibit B**.

*Aughtman v. Yes To Inc. et al.*, No. 2:20-cv-01233-VAP-JPR (C.D. Cal.); *Thompson et al. v. 1-800 Contacts, Inc. et al.*, No. 2:16-cv-01183 (D. Utah).

Mr. Grunfeld and KO are experienced data breach counsel and are litigating over 100 cases around the country. We are currently counsel of record and part of the leadership structure in a number of pending data breach cases, including notable, large-scale cases:

- *In re HCA Healthcare Data Security Litigation*, No. 3:23-cv-00684 (M.D. Tenn.) (affecting 11 million individuals);
- *Crowe v. Managed Care of N. Am., Inc.*, No. 23-cv-61065 (S.D. Fla.) (affecting 9 million individuals);
- *In re: Fortra File Transfer Software Data Sec. Breach Litig*., No. 24-md-3090 (S.D. Fla.) (involving patient health information with 10 defendants and an intricate "hub-and-spoke" relationship); and
- *Skurauskis v. NationsBenefits, LLC*, No. 2:23-cv-60830 (SD. Fla.) (affecting over 3 million individuals).

Other recent appointments to leadership positions in data breach class actions such as this one include: *Opris et al v. Sincera Reproductive Medicine*, No. 2:21-cv-03072 (E.D. Pa.) (co-lead); *Mateo v. Service Employees Int'l Union, Local 32BJ*, NO, 004121-22 (Bergan Co., NJ Sup. Ct.) (Lead Counsel); *Katz et al. v. Einstein Healthcare Network*, No. 02045 (Phila C.P.) (co-lead); *Harrell v. WebTPA Emp'r Servs., LLC*, No. 3:24-cv-1160 (N.D. Tex.) (2.4 million victims); *In re HealthEquity, Inc. Data Sec. Incident Litig.*, No. 2:24-cv-528 (D. Utah) (4.3 million victims).

KO has the necessary financial and technological resources to support this litigation. We pride ourselves on practicing competently, ethically, with civility and integrity, and always with the utmost respect for the judiciary and opposing parties. We understand how to efficiently litigate complex cases while submitting technically precise filings with factually and legally supported arguments. In addition, KO has no debt and self-funds all case costs from operating revenue. Mr. Grunfeld has worked cohesively with the other proposed Interim Co-Lead Class Counsel here in

other cases and is honored to support their applications in this case. He is confident that the proposed leadership structure will result in an excellent recovery for our mutual clients.

**c. Proposed Interim Co-Lead Class Counsel Are Committed to Representing and Advancing the Interests of the Class**

Proposed Interim Co-Lead Class Counsel are willing and able to expend the resources necessary to ensure the vigorous prosecution of the claims asserted by the Plaintiffs. Ms. Weekes, Mr. Grunfeld, and their respective firms have a proven track record of success leading complex class action cases, including data privacy matters. The experience here will be no different. Each attorney understands the time, energy, and skill necessary to lead this litigation and all have committed the resources required to ensure the effective and efficient representation of the class members. In fact, Proposed Interim Class Counsel have already demonstrated their commitment to this litigation by devoting substantial resources and coordinating among themselves to file this leadership proposal.

Just as they have previously done, Proposed Interim Co-Lead Class Counsel are committed to working cooperatively and efficiently on behalf of Plaintiffs and the proposed class here. Each of these attorneys would be independently qualified to serve as co-lead class counsel and have significant experience in class actions, including data breach class actions.

In sum, Ms. Weekes, Mr. Grunfeld, and their respective firms are committed to pursuing the best interests of Plaintiffs and the proposed class in an efficient manner. They understand the time and resources necessary to pursue this action to a successful resolution. Their firms already have made significant investments of resources and time into the prosecution of these claims. Their firms possess the resources needed to prosecute this case to a successful resolution and will do so here. The Rule 23(g)(1)(A)(iv) factor is satisfied.

**d. Additional Factors Supporting Appointment Under Rule 23(g)(1)(B)**

The Court may also consider other matters in making appointments, per Rule 23(g)(1)(B). One consideration here is that Proposed Interim Co-Lead Counsel reached a cooperative agreement about the proposed leadership structure. Rather than file competing leadership applications, counsel met and conferred and agreed that it is in the best interest of the Plaintiffs and putative class members to form a unified front and cooperatively litigate the claims arising from the Data Incident against Defendant. *Id.* This private ordering further supports appointing Ms. Weekes and Mr. Grunfeld as interim co-lead counsel. MCL, §§ 10.22, 21.272.

## IV. CONCLUSION

For the reasons set forth above, Plaintiffs request that the Court grant their motion and enter an order: (1) consolidating the Related Actions pursuant to Fed. R. Civ. P. 42(a) under the caption of the first-filed *Trotter* docket, and administratively close the *Smith* action; (2) appoint Ms. Weekes and Mr. Grunfeld, as Interim Co-Lead Class Counsel pursuant to Fed. R. Civ. P. 23(g); (3) set a deadline for Plaintiffs to file a consolidated complaint thirty (30) days from entry of the consolidation order, while also relieving Defendant from responding to the initial complaints in these cases; and (4) set the deadline for Defendant's response to the consolidated complaint forty-five (45) days after the consolidated complaint is filed, set a deadline of forty-five (45) days thereafter for Plaintiffs' response thereto, followed by twenty-one (21) days thereafter for the Defendant's reply.

Dated: July 6, 2026

Respectfully submitted,

*/s/ Kenneth J. Grunfeld*____________

Kenneth J. Grunfeld (PA Bar # 84121)
**KOPELOWITZ OSTROW P.A.**
65 Overhill Rd
Bala Cynwyd, PA 19004

Tel: (954) 525-4100
grunfeld@kolawyers.com

Jeff Ostrow*
**KOPELOWITZ OSTROW P.A.**
1 W Las Olas Blvd, Suite 500
Ft. Lauderdale, FL 33301
Tel: (954) 525-4100
ostrow@kolawyers.com

Mariya Weekes*
**MILBERG, PLLC**
333 SE 2nd Avenue, Suite 2000
Miami, FL, 33131
Tel: (786) 206-9057
Fax: (786) 879-7520
Email: mweekes@milberg.com

William B. Federman*
**FEDERMAN & SHERWOOD**
10205 North Pennsylvania Avenue
Oklahoma City, OK 73120
Telephone: (405) 235-1560
Facsimile: (405) 239-2112
-and-
4131 North Central Expressway, Suite 900
Dallas, TX 75204

Leanna A. Loginov*
**SHAMIS & GENTILE, P.A.**
14 NE 1st Ave, Suite 705
Miami, FL 33132
Tel: (305) 479-2299
lloginov@shamisgentile.com

*Counsel for Plaintiffs and the Proposed Class*
**pro hac vice* forthcoming

**CERTIFICATE OF SERVICE**

I hereby certify that on July 6, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record via the ECF system.

*/s/ Kenneth J. Grunfeld*
Kenneth J. Grunfeld